IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ACE OILFIELD RENTALS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-672-D |
| | ) | |
| WESTERN DAKOTA AND FABRICATION, | ) | |
| LLC, a South Dakota limited liability company, | ) | |
| DOUG KERKVLIET, an individual, and | ) | |
| TUCKER PANKOWSKI, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

By Order of the Court [Doc. No. 63], issued August 16, 2016, Defendant Western Dakota and Fabrication, LLC ("Western Dakota") was directed to show cause for its noncompliance with a prior Order [Doc. No. 62] to secure new counsel. A review of the case file reveals no response by Western Dakota, no entry of appearance by substitute counsel, and no other filing on behalf of Western Dakota to date. Presently before the Court is Plaintiff's Motion for Entry of Judgment as to Western Dakota [Doc. No. 66].

Upon consideration of facts shown by the case record, the Court finds a willful failure by Western Dakota to comply with the Court's Orders to ensure legal representation of the company in this case, and allow for the case to proceed.[1] The continued non-compliance of

---

[1] A "willful failure" is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *In re Standard Metals Corp.*, 817 F.2d 625, 628-29 (10th Cir. 1987) (internal quotation omitted).

Western Dakota has frustrated the Court's ability to manage its docket and to ensure that this case can proceed in an orderly fashion in compliance with the Federal Rules of Civil Procedure. The Court further finds the dismissal of Western Dakota's counterclaim is an appropriate sanction. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1150 (10th Cir. 2003) (affirming the dismissal of a complaint due to the plaintiff's failure to obey an order to hire resident counsel). As Western Dakota has been repeatedly unresponsive to the Court's direction, the Court finds than any lesser sanction would be ineffective.

Upon consideration of Plaintiff's Motion, the Court hereby directs the Clerk of Court to enter default against Western Dakota. The Court further directs that Western Dakota will have 14 days from the date of the Clerk's Entry of Default to comply with the Court's previous Orders to obtain counsel and to respond to Plaintiff's Motion. Failure to obtain substitute counsel and so respond shall result in the entry of a default judgment. *See In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

IT IS THEREFORE ORDERED that Defendant Western Dakota and Fabrication, LLC's counterclaim [Doc. No. 22] is DISMISSED WITHOUT PREJUDICE to refiling.

IT IS FURTHER ORDERED that the Clerk of Court enter default against Defendant Western Dakota and Fabrication, LLC.

IT IS SO ORDERED this 17th day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE