# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ACE OILFIELD RENTALS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-672-D |
| ) | |
| WESTERN DAKOTA WELDING ) | |
| AND FABRICATION, LLC, ) | |
| DOUG KERKVLIET, ) | |
| TUCKER PANKOWSKI, and ) | |
| WESDAK WELDING AND ) | |
| DIESEL, LLC, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Plaintiff ACE Oilfield Rentals, LLC's Motion to Strike Defendant Doug Kerkvliet's Motion for Summary Judgment [Doc. No. 120]. Pursuant to LCvR 7.1(g), a party opposing a motion shall file a response within twenty-one days after the motion is filed and any motion that is not opposed within the twenty-one days "may, in the discretion of the court, be deemed confessed." Defendant Kerkvliet failed to file a response to Plaintiff's Motion to Strike and that alone is enough to grant Plaintiff the relief it seeks. However, even apart from Defendant's failure to respond, the Court finds that the motion is well-taken.

Defendant Kerkvliet first attempted to move for summary judgment on January 26, 2021 [Doc. No. 106]. The motion was stricken by the Court because it was procedurally deficient. *See* Order dated April 8, 2021 [Doc. No. 118]. Plaintiff moved for partial summary judgment against Defendant Kerkvliet on February 2,

2021 [Doc. No. 110]. On March 30, 2021, well after the time to file a response had passed, Defendant filed a document that purported to be a response to Plaintiff's summary judgment motion [Doc. No. 116]. The response was stricken by the Court for failure to comply with the Court's Local Rules and with the Federal Rules of Civil Procedure. *See* Order dated April 1, 2021 [Doc. No. 117]. On April 12, 2021, Defendant filed a document that purports to be a response to Plaintiff's motion for partial summary judgment as well as a cross-motion for summary judgment [Doc. No. 119]. Plaintiff requests that this response and cross-motion be stricken because it was filed out of time and is procedurally deficient.

Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," it is not the proper function of the district court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se parties must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). This Court has repeatedly cautioned Defendant Kerkvliet about the importance of complying with the relevant procedural rules, *see* Doc. Nos. 104, 117 and 118, but he has once again submitted a document that fails to abide by the Local Rules of this Court and the Federal Rules of Civil Procedure.

First, Defendant Kerkvliet's response and cross-motion is untimely. It was filed well after the deadline to respond and the deadline to file dispositive motions had passed, and Defendant Kerkvliet never requested permission to file his response out

of time. Second, the response violates LCvR7.1(c), which provides that "[a] response to a motion may not also include a motion or a cross-motion made by the responding party." Finally, the response once again fails to include a section that responds "by correspondingly numbered paragraph, to the facts" asserted by Plaintiff, nor does it cite with particularity to any evidentiary material in the record as required by LCvR 56.1(c).[1]

Accordingly, Plaintiff's Motion to Strike Defendant Doug Kerkvliet's Motion for Summary Judgment [Doc. No. 120] is GRANTED. Defendant Kerkvliet's Response and Motion for Summary Judgment [Doc. No. 119] is hereby STRICKEN for failure to comply with LCvR 7.1 and 56.1, and FED. R. CIV. P. 56.

IT IS ORDERED this 18th day of August, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] *See also* FED. R. CIV. P. 56(c), which provides that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." "If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion" or "may grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it." FED. R. CIV. P. 56(e)(2), (3).