# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ACE OILFIELD RENTALS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-672-D |
| ) | |
| WESTERN DAKOTA WELDING ) | |
| AND FABRICATION, LLC, ) | |
| DOUG KERKVLIET, ) | |
| TUCKER PANKOWSKI, and ) | |
| WESDAK WELDING AND ) | |
| DIESEL, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Ace Oilfield Rentals, LLC's Motion for Entry of Default Judgment Against Defendants Tucker Pankowski and WesDak Welding and Diesel, LLC [Doc. No. 127]. Defendants have not responded to the present motion. For the reasons stated below, the Court finds that Plaintiff's motion should be granted.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff initiated this action on May 13, 2015 in state court against Western Dakota Welding and Fabrication, LLC, Doug Kerkvliet, and Tucker Pankowksi [Doc. No. 1-2]. Each defendant filed a separate Answer in state court [Doc. Nos. 1-3, 1-4, 1-5] and Western Dakota subsequently removed the action [Doc. No. 1]. Counsel for Defendants moved to withdraw on June 8, 2021 [Doc. No. 41] and the Court granted the motion [Doc. No. 45]. New counsel entered their appearance on behalf of all Defendants on July 12, 2016 [Doc. Nos. 52-57], but then moved to withdraw three days later [Doc. No. 59]. The Court granted

1

the motion on July 19, 2016, but ordered new counsel to enter their appearance within 21 days [Doc. No. 62]. After new counsel failed to enter an appearance, the Court entered an order directing defendants to show cause for their failure to obtain new counsel [Doc. No. 63].

On August 26, 2016, Mr. Kerkvliet and Mr. Pankowski filed a pro se Notice of Bankruptcy indicating that they had each filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of South Dakota [Doc. No. 64]. The case was then stayed as to any proceedings against Mr. Kerkvliet and Mr. Pankowski [Doc. No. 65].

On September 19, 2016, Plaintiff moved for judgment against Western Dakota for failure to comply with the Court's orders directing it to obtain new counsel [Doc. No. 66]. After Western Dakota failed to respond, the Court dismissed Western Dakota's counterclaim as a sanction and the Clerk entered default against it [Doc. Nos. 67-68]. A hearing on Plaintiff's requested damages was held on March 1, 2017 [Doc. No. 70] and a Default Judgment and Order of Injunction was entered against Western Dakota [Doc. Nos. 74-75]. Western Dakota was found liable for $454,554.90 in actual damages, $1.00 in nominal damages, $89,952.80 in punitive damages, and $108,390.25 in attorney's fees. *Id.*

After Mr. Kerkvliet and Mr. Pankowski were each denied a discharge in their respective bankruptcy cases, the instant case was reopened [Doc. No. 82] and Plaintiff filed an Amended Complaint [Doc. No. 83]. The Amended Complaint added WesDak Welding and Diesel, LLC as a defendant. In short, the Amended Complaint alleges that Mr. Pankwoski and Mr. Kerkvliet (the owners of Western Dakota) breached a contract with Plaintiff, misappropriated trade secrets, engaged in fraud, and committed other torts by

2

advertising and selling a piece of equipment that belonged to Plaintiff. The Amended Complaint further alleges that after this lawsuit was initiated, Mr. Pankowski and Mr. Kerkvliet transferred all of Western Dakota's assets (but not its liabilities) to the newly created WesDak as a way of thwarting the recovery of any judgment. In addition to its contract and tort claims, the Amended Complaint seeks to pierce the corporate veil of Western Dakota and impose successor liability on WesDak.[1]

After Mr. Pankowksi and WesDak failed to answer or otherwise respond to the Amended Complaint, an entry of default was entered against both defendants on May 5, 2020 [Doc. No. 92]. Plaintiff filed a Partial Motion for Summary Judgment against Mr. Kerkvliet on February 2, 2021 [Doc. No. 110], which was granted in part and denied in part [Doc. No. 125].

Plaintiff then filed the instant motion for default judgment as to Mr. Pankowski and WesDak. The motion asserts that it possesses valid claims against Mr. Pankwoski and WesDak, and that by virtue of its claim to pierce the corporate veil of Western Dakota, the damages awarded against Western Dakota should be imputed to Mr. Pankowski and WesDak.

## STANDARD OF DECISION

The entry of default judgment is committed to the sound discretion of the trial court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Although cases should be decided on their merits whenever possible, a default judgment is a reasonable remedy when the

---

[1] A detailed recounting of the facts underlying this case are included in the Court's order of October 5, 2021 [Doc. No. 125].

adversary process has been halted because of an unresponsive party. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for obtaining default judgment. *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995). First, a plaintiff "must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket." *Id.* (quoting Fed.R.Civ.P. 55(a)). Then, "following an entry of default by the clerk, 'the party entitled to a judgment by default shall apply to the court therefor.'" *Id.* (quoting Fed.R.Civ.P. 55(b)(2)).

Both of these procedural steps have been satisfied in this case. A default was entered against Mr. Pankowksi and WesDak after they failed to answer or otherwise defend the Amended Complaint and Plaintiff has now applied for a default judgment. Although default judgments are generally disfavored, a default judgment against Mr. Pankowski and WesDak is appropriate here because these defendants have refused to participate in the litigation. Although this case has been pending against Mr. Pankowksi for over six years, he has failed to defend the action apart from filing his initial Answer to the state court petition and his notice of bankruptcy. Similarly, WesDak has entirely failed to defend itself, despite being served with a summons warning that a default judgment will be entered against it if it fails to respond. Given Mr. Pankowski's and WesDak's failure to participate in the case, Plaintiff would be denied a resolution of its claims without the entry of a default judgment.

Although the complete failure to defend warrants the entry of a default judgment, the Court must still determine whether the uncontested facts establish a legitimate cause of action. *See Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016) ("Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law. Furthermore, a default judgment does not establish the amount of damages. Plaintiff must establish that the amount requested is reasonable under the circumstances.") (internal citations omitted); *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading.").

Here, Plaintiff seeks judgment based on its claim to pierce the corporate veil of Western Dakota. More specifically, it seeks to impute the damages awarded against Western Dakota to Mr. Pankowski personally and to WesDak as a successor in liability. Oklahoma permits courts to "disregard the corporate entity and hold stockholders personally liable for corporate obligations or corporate conduct under the legal doctrines of fraud, alter ego and when necessary to protect the rights of third persons and accomplish justice." *Fanning v. Brown*, 85 P.3d 841, 846 (Okla. 2004). Oklahoma also permits a company's debts and liabilities to be transferred to a successor company when certain circumstances are present, including when "the transaction was fraudulent in fact" or "the purchasing corporation is a mere continuation of the selling company." *Crutchfield v. Marine Power Engine Co.*, 209 P.3d 295, 300 (Okla. 2009); *see also Wallace v. Tulsa Yellow Cab Taxi & Baggage Co.*, 61 P.2d 645, 647–48 (Okla. 1936) (holding that the

5

distinct corporate entities of two separate companies "will be disregarded and the two corporations will be treated as one" when "one corporation is merely a dummy or sham."); *Collinsville Nat. Bank v. Esau*, 176 P. 514, 517 (Okla. 1918) (imposing successor liability and explaining that "[i]t is a fraud both in fact and in law" where a corporation transfers its assets but not its liabilities to a new corporation but remains under the same control).

Accepting the facts in the Amended Complaint as true,[2] Plaintiff has adequately pled that the corporate veil of Western Dakota should be pierced.[3] The allegations state that Mr. Pankwoski and Mr. Kerkvliet extinguished Western Dakota and transferred its assets to WesDak after Plaintiff initiated this lawsuit as a means of frustrating Plaintiff's ability to collect a judgment against Western Dakota. The allegations further state that Mr. Pankowski continued to operate WesDak out of the same building, with similar personnel, using a website associated with Western Dakota, all while still marketing Plaintiff's equipment as its own. These allegations establish that Mr. Pankowski used Western Dakota and WesDak to engage in a fraudulent scheme to avoid judgment in this case, and it is therefore appropriate to disregard the corporate status of Western Dakota and impose liability on Mr. Pankowski personally. *See Badian v. Elliott,* 165 F. App'x 886, 890 (2d Cir. 2006) (unpublished) (finding allegations that defendant fraudulently transferred the

---

[2] Upon an entry of default, all the well-pleaded facts in a complaint are accepted as true. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016); *United States v. Craighead*, 176 Fed. Appx. 922, 924 (10th Cir. 2006) (unpublished).

[3] Western Dakota and WesDak are organized as LLCs, not corporations, but the doctrine of piecing the corporate veil applies equally to LLCs. *Mattingly L. Firm, P.C. v. Henson*, 466 P.3d 590, 595 (Okla. Civ. App. 2020).

entirety of entity's assets without consideration to escape its contractual obligations sufficient to pierce the corporate veil and support entry of default judgment).

These same allegations are also sufficient to establish a legitimate cause of action against WesDak for successor liability. Not only did WesDak operate as a continuation of Western Dakota under the control of Mr. Pankowski, but Western Dakota also transferred its assets to frustrate Plaintiff's ability to collect a judgment. *See Wallace*, 61 P.2d at 747-48 (holding that the separate corporate existence of a company may be disregarded when it is merely "a design or scheme to perpetrate fraud.").

Plaintiff additionally seeks judgment against Mr. Pankowski for the remainder of the individual claims asserted against him. The Amended Complaint alleges that Western Dakota, which was owned by Mr. Pankowski and Mr. Kerkvliet, manufactured a piece of proprietary equipment for Plaintiff and then marketed and sold the equipment as its own to Plaintiff's prospective customers. Under these uncontested facts, Plaintiff's claims for misappropriation of trade secrets, conversion, tortious interference with business expectancy, and deceptive trade practices are all legitimate. *See MTG Guarnieri Mfg., Inc. v. Clouatre*, 239 P.3d 202, 209 (Okla.Civ.App. 2010) ("To prove misappropriation of a trade secret, [plaintiff] must show (i) the existence of a trade secret, (ii) misappropriation of the secret by defendants, and (iii) use of the secret to [plaintiff's] detriment."); *Steenbergen v. First Fed. Sav. & Loan of Chickasha*, 753 P.2d 1330, 1332 (Okla. 1987) ("Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."); *Loven v. Church Mut. Ins. Co.*, 452 P.3d 418, 425 (Okla. 2019) (setting out elements of tortious interference with prospective

economic advantage); Okla. Stat. tit. 78, § 53(A) ("A person engages in a deceptive trade practice when in the course of business, vocation, or occupation, the person: 1. Passes off goods or services as those of another…."). The Amended Complaint also alleges that Mr. Pankowski made false statements regarding Plaintiff's financial situation to Plaintiff's suppliers and customers, establishing that its claim for defamation is legitimate. *See* Okla. Stat. Ann. tit. 12, §§ 1441-1442 (defining libel and slander).

Having determined that a default judgment against Mr. Pankowksi and WesDak is appropriate, all that remains is to determine damages. Plaintiff seeks only to impute the damages previously awarded against Western Dakota to Mr. Pankowski and WesDak based on the piercing of Western Dakota's corporate veil. As Mr. Pankowski is personally liable for the actions of Western Dakota and WesDak is liable as a successor company, it is appropriate to impute the damages previously awarded against Western Dakota to Mr. Pankowksi and WesDak. Mr. Pankowksi and WesDak are therefore jointly and severally liable for the damages previously entered against Western Dakota.

## CONCLUSION

Accordingly, Plaintiff's Motion for Entry of Default Judgment Against Defendants Tucker Pankowski and WesDak Welding and Diesel, LLC [Doc. No. 127] is GRANTED, as set forth above. A separate Default Judgment shall be issued.

**IT IS SO ORDERED** this 11th day of January, 2022.

                                                TIMOTHY D. DeGIUSTI
                                                Chief United States District Judge