## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ACE OILFIELD RENTALS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-672-D |
| | ) | |
| WESTERN DAKOTA WELDING | ) | |
| AND FABRICATION, LLC, | ) | |
| DOUG KERKVLIET, | ) | |
| TUCKER PANKOWSKI, and | ) | |
| WESDAK WELDING AND | ) | |
| DIESEL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Ace Oilfield Rentals, LLC's Motion for Entry of a Judgment on a Separate Document Against Defendant Doug Kerkvliet [Doc. No. 133]. On October 5, 2021, the Court granted in part and denied in part Plaintiff's Motion for Partial Summary Judgment as to Defendant Doug Kerkvliet [Doc. No. 125].[1] The instant motion requests the entry of a separate judgment pursuant to Federal Rule of Civil Procedure 58 with respect to the claims on which summary judgment was granted for Plaintiff.

Rule 58 provides that "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). The purpose of this rule "is to set a definite date from which an appeal may be taken." *Morris v. City of Hobart*, 39 F.3d 1105, 1110

---

[1] A Default Judgment was entered against Defendant Western Dakota Welding and Fabrication, LLC on September 6, 2017 [Doc. No. 75] and against Defendants WesDak Welding and Diesel, LLC and Tucker Pankowski on January 11, 2022 [Doc. No. 132]. Accordingly, Mr. Kerkvliet is the only defendant remaining in this action.

(10th Cir. 1994). *See also Trotter v. Regents of Univ. of New Mexico*, 219 F.3d 1179, 1183 (10th Cir. 2000) ("The purpose of this rule is to eliminate confusion about when the clock for an appeal begins to run."). Of course, "[a]side from a few well-settled exceptions, federal appellate courts have jurisdiction solely over appeals from '*final decisions* of the district courts of the United States.'" *Rekstad v. First Bank Sys., Inc.*, 238 F.3d 1259, 1261 (10th Cir. 2001) (quoting 28 U.S.C. § 1291) (emphasis in *Rekstad*).

Importantly, where a suit involves multiple claims against a party, "the district court must adjudicate every claim before the court's decision can be considered final and appealable." *Id.* In other words, "a judgment resolving only one of two asserted claims is not final and an appeal cannot be taken from either claim until both have been terminated on the merits." *Id.*; *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Although Plaintiff has been granted summary judgment on certain claims, there are still several claims pending against Mr. Kerkvliet. Because all claims against Mr. Kerkvliet have not yet been adjudicated, the grant of partial summary judgment to Plaintiff is not final and the entry of a separate judgment under Rule 58 is not appropriate at this time. Further, although Rule 54(b) permits a district court to "direct the entry of final judgment as to one or more, but fewer than all, claims" if there is no just reason for delay, the Court

is not persuaded that those circumstances are present in this case with respect to the claims against Mr. Kerkvliet.

Accordingly, Plaintiff Ace Oilfield Rentals, LLC's Motion for Entry of a Judgment on a Separate Document Against Defendant Doug Kerkvliet [Doc. No. 133] is DENIED. The parties are ordered to attend a telephonic status conference on March 3, 2022, at 10:30 a.m. where they should be prepared to provide proposed trial dates for this matter. A failure to appear at the status conference will result in sanctions, up to and including the entry of a default judgment.

**IT IS SO ORDERED** this 31st day of January, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge